UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN SHANE MCCANN,<br><br>Defendant. | 5:19-CR-50087-RAL<br><br><br>ORDER DENYING<br>MOTION FOR RELEASE |

On May 8, 2020, this Court sentenced Defendant Steven Shane McCann (McCann) to a term of 30 months plus two years of supervised release for threat to murder a federal law enforcement officer. Doc. 48. McCann had pleaded guilty to that offense and accepted responsibility for his actions. Docs. 33, 35, 38, 39.

On June 25, 2020, the Clerk of Court received a letter that McCann sent to this Court and filed the letter as a motion for compassionate release under the First Step Act. Doc. 49. McCann's letter actually was not a conventional motion under the First Step Act for compassionate release, but addressed issues including: (1) his detention at the Pennington County Jail instead of placement in the Bureau of Prisons system due to the novel coronavirus; (2) the absence of rehabilitation programming at the Pennington County Jail; (3) his preference to be at a residential reentry center to receive alcohol, drug abuse, and mental health counseling; (4) the merit of placing him nearer to Billings, Montana, where he has family support; and (5) the fact that he has been in custody for a prolonged period. Doc. 49. McCann's letter is quite polite, and the Court understands his

1

concerns and indeed shares some of them. McCann does not make any assertion that he is particularly susceptible to COVID-19.

Generally, a "court may not modify a term of imprisonment once it has been imposed," except in a few, narrow circumstances. 18 U.S.C. § 3582(c). The compassionate release statute as amended by the First Step Act of 2018 provides one of those narrow avenues through which a sentence may be modified. The compassionate release statute provides in pertinent part that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)   extraordinary and compelling reasons warrant such a reduction; ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). "The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence." United States v. Loggins, 966 F.3d 891, (8th Cir. 2020). Ultimately, the defendant bears the burden of establishing that a sentence reduction is warranted under the First Step Act. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

McCann does not seek compassionate release or a sentence reduction in his letter. Rather, he seeks for this Court to direct the Bureau of Prisons to move him from the Pennington County Jail to a residential reentry center near Billings, Montana. After sentencing, it is the Bureau of Prisons and not this Court that controls the details of transportation and facility assignments of

inmates, calculation of release dates, early placement in residential reentry centers and the like. See 18 U.S.C. § 3621(b) (authorizing the Bureau of Prisons to designate the place of the prisoner's imprisonment and outlining the criteria for pre-release residential reentry center placements); see also 28 C.F.R. §§ 570.20–570.22 (outlining the procedures of the Bureau of Prisons for designating inmates to pre-release community confinement). See U.S. v. Wilson, 503 U.S. 329 (1992) (holding that the Attorney General, through the Bureau of Prisons, has the authority for computing sentences). While this Court appreciates the tone of McCann's letter and his continuing interest in rehabilitation, it is hereby

ORDERED that McCann's letter, Doc. 49, is denied to the extent that it is a compassionate release motion under the First Step Act or a request that this Court exceed its authority to direct the Bureau of Prisons on inmate transfers and placements.

DATED this 9th day of September, 2020.

BY THE COURT:

*[signature]*
ROBERTO A. LANGE
CHIEF JUDGE